# United States Court of Appeals for the Federal Circuit

---

JAMES ALLPHIN, DANIEL ALVIA, FRANK AMADOR, PHILIP ANDERSON, AARON ARCE, LARRY ARMSTRONG, PAUL ARMSTRONG, MARCOS ARREOLA, MICHAEL ATIENZA, JEREMY AUSTAD, JEFFREY AVEY, JAMES BACOLO, JEFFREY BAILEY, MICHAEL BAKER, KEVIN BAILLARGEON, ROMELYN BANGLOY, CHRISTOPHER BANKES, CHARLES BARNETTE, JOSE BARRIOS, CRAIG BAUMCRATZ, TIMOTHY BAUTISTA, WALTER BEASLEY, JENNIFER BENSON, JOSHUA BIGLER, BRIAN BORDELON, KEVIN BRAGWELL, MORGAN BROOKS, MICHAEL BROPHY, CHRISTOPHER BROWN, KEVIN BROWN, TARA BROWN, TODD BROWNE, DERRICK BRUNSON, TOM BURDEN, JOE BUSBY, NICHOLAS BUTLER, JEFFREY CAMILO, RODERICK CAMPBELL, LUIS CARDONA, JONATHAN CARTER, ANTHONY CAUDILL, MAURICE CELESTINE, ERIC CHAMPLIN, RAYMOND CHARNAHAN, MATTHEW CLARK, SETH CLARK, ERIC CLEVINGER, DONALD CONWAY, DANIEL COOPERWOOD, DARRELL CRADDOCK, KENNETH CROSTON, TAKONI DANIEL, STEPHEN DARLOW, TOCCARA DAVIS, JOHN DECARLO, NICHOLAS DECKARD, NICHOLAS DECORSE, ADAM DEITZ, GEORGE DEKLE, JR., ANGEL DELGADO-BURGOS, ANTHONY DELUCA, EDGAR DIAZ, OSCAR DIAZ, NATHAN DODSON, BRIAN DORSEY, TRAVIS DOWNING, ANDREW DYER, AMY ECKERT, DANIEL EDWARDS, JASON EVANS, FRANKLIN EVERLY, GIOVANNI FADDA, MAXIMILLAN

FEIGE, LEE FERGUSON, SEVERINO FERNANDEZ, RUDY FIERRO, KEVIN FISHEL, EDUARDO FLORES, STEPHANIE FORMAN, GREGORY FOX, BRYAN FREEMAN, KEVIN GILLES, BRANDON GOKEY, ANTONIO GOMEZ, LEMUEL GOMEZ, CYRUS GRAY, DAVID GRAY, BETHANY GREENE, JASON GREENE, MARVIN GUEVARA, TIMOTHY GWINN, BENJAMIN HAIGHT, JARROD HALE, ALLEN HALL, ANDREW HALL, KEVIN HALLIWELL, WILLIAM HAMBACK, GARY HARPSTER, JOSEPH HELLER, GARY HERRERA, MARK HIRSCHEY, JASON HITE, ROBERT HOLMES, LAINE HOUSECOWDREY, CHRISTOPHER HUCIK, TIMOTHY HUFF, RASHAD HUNT, RYAN HUTLEY, AURI INOCENCIO, CORY DIONS, COREY JACKSON, GREGORY JACKSON, MELVIN JACKSON, JR., RICHARD JACKSON, JOSE JALLEGO, CHRISTOPHER JETT, THEODORE JEWELL, APRIL JOHNSON, CHRISTOPHER JOHNSON, JAMES JOHNSON, RANDALL JOHNSON, DERRICK JONES, LEVI JONES, TIMOTHY KAISER, JASON KAUFFMAN, BRIAN KENLEY, CHRISTOPHER KILBOURNE, JAMES KINCAID, NATHAN KLINGMAN, ERIK KLOSTER, DAVID KNAPP, AMADO KONG, KYLE KRANTZ, KENNETH KUCHTA, GREGORY KUFCHAK, JESSICA KUSHON, CHRISTOPHER KUZNICKI, BRYAN LAMBRECHT, JAMARION LANE, DAVID LASH, DONALD LAYTON, JASON LEE, TIMOTHY LICHTENBERG, JOEL LONG, DANIEL LORD, JEREMY LORD, NEIL LYON, MIGUEL MADRIGAL, SEAN MAHJEY, EUGENE MANSUETO, LUIS MARROQUIN, DARWIN MARTINEZ, JOSEPH MASTERS, BRANDON MAXWELL, CHRISTOPHER MCDOWELL, STEVEN MCFADDEN, CHRISTOPHER MCKENNA, ORTIZ JAVIER MEDINA, MATTHEW MEDLAND, JOHN MERSBERG, CARLEY MICKLE, RAUL MILANO,

GABRIEL MILBAUER, MICHAEL MOBLEY, MICHAEL JOHN MOORE, MICHAEL JACOB MOORE, DAVID MORENO, KATHRYN MORGAN, BOON MOUA, CHARLES MOURA, KEN MUELLER, MARLON MUNOZ, VALENTIN MUNOZ, TERRILL MURRIELL, ADAM MYSLIWY, GIOVANY NEGRON, LAWRENCE NIEDERMAYER, MATTHEW NORTON, TIMOTHY NUQUI, JORGE ORTIZ, JOSE PAREDES, JON PARKS, ALEXANDER PARTIDO, LAKWANDALYN PATTERSON, WILLIAM PATTERSON, BRIAN PAYTON, MATTHEW PEACE, JEAN LUC PELCHAT, JEFFREY PERRY, EARL PLUMLEE, JEROMY POORE, PHILLIP POTTER, VERONICA POWELL, GARY POWERS, JOSHUA RABB, ALFREDO RAGUINDIN, JILL RAMDEEN, JEFFREY RAMIREZ, ROSAURO RAMOS, SHAWN RAYMOND, BRIAN REEVES, RONALD REICHENBACH, MICHAEL RICHARDS, JASON RILE, JOHN RILLING, CHRSTIAN RIVAS, WILLIAM RIVERA, JR., DARIO ROAQUIN, LORIE ROBACK, RAY RODRIQUES, RICHARD RODRIQUES, JOHN ROGERS, JASON ROTTERMAN, BRANDI RUE, JOSHUA RUIZ-RIVERA, ALLEN RUIZ, JOHN SAMIA, MICHAEL SANDERS, RICARDO SANTOS, JASON SAUVAGEAU, CESAR SCHIRA, RYAN SCOTT, WILLIAM SCOTT, VISHNU SEENATH, JASON SEVERSON, MATTHEW SHAFER, ADAM SHELLENBARGER, CHRISTOPHER SHEPHERD, BRAD SIBLEY, RONALD SIMON, DEVON SIMS, BRADLEY SMITH, JESSE SMITH, LUKE SMITH, DANIEL SNOCK, A. SORRENTINO, MICHAEL SPRAGUE, SHAWN SPRIGGLE, CHRISTOPHER SPURLOCK, JOHN STACY, CHRISTOPHER STARKEY, JAMES STEELE, JOHN STEVENS, DEMARCUS STOKES, DONALD SUBLETT, RAYMOND SUTHERLAND, TIMOTHY SWANSON, DAVID SZYMANSKI, SANTOS TAMEZ, PAUL

**TAPPEN, JEFFREY TAYLOR, JONATHAN TAYLOR, DAVID TELLO, JAMES TERRY, MICHAEL THOMAS, ALYWIN THOMPSON, JUSTIN THURMAN, JEFFREY TIMMS, JUAN TORRES-TONCHE, JASON TREMBLAY, RUEL VALERA, DAVID VASQUEZ, RAUL VASQUEZ, DAVID VAUGHN, LUIS VEGAS, JOSEPH VERHALEN, OMAR VIERACLASS, CHITAPANYA VONGSOUTHI, WILLIAM WALKER, NATALIE WALLACE, SCOTT WATSON, JOSHUA WEBB, BRADLEY WENZEL, JAMES WHITE, MICHAEL WHITE, CHARLES WHITESTONE, JONATHAN WILBURN, JACOB WILEY, DOUGLAS WILLIAMS, ATHENA WILLIAMS, JAKEENAN WILLIAMS, MARION WILLIAMS, MICHAEL WILSON, CHRISTOPHER WOLFE, KEVIN WOODS, ERIC WOOTEN, ADAM WORDEN, JARVIS WRIGHT, BRENT YAMADA, ROGER YOST, CHRISTOPHER YOUNG, TIMOTHY YOUNG, LIN YUAN, PAUL ZEPEDA, AND ANDREW ZOBAVA,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

————————————

2013-5117

————————————

Appeal from the United States Court of Federal Claims in No. 12-CV-0486, Judge Lynn J. Bush.

————————————

Decided: July 11, 2014

————————————

ELVIN E. KELLER, Keller, Keller & Dalton of Oklahoma City, Oklahoma, argued for plaintiffs-appellants.

DOUGLAS K. MICKLE, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief was LCDR ANDREW E. CARMICHAEL, Office of the Judge Advocate General, United States Navy, of Washington, DC. Of counsel was DANIEL GENE KIM, Attorney, United States Department of Justice, of Washington, DC.

───────────────

Before LOURIE, SCHALL, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Appellants, a putative class of over 300 former sailors, appeal from the United States Court of Federal Claims' dismissal of their challenges to the Navy's implementation of an Enlisted Retention Board (ERB) that resulted in their honorable discharges. We *affirm*.

## BACKGROUND

In a March 2011 memorandum to the Deputy Secretary of Defense, the Secretary of the Navy explained that the Navy would be "challenged to reduce enlisted manning to meet future planned end strength controls due to record high retention in the current economic environment." J.A. 1000. To address these concerns about overmanning and to "optimize the quality" of the Navy, the Secretary initiated an ERB to identify approximately 3,000 sailors for separation. *Id.* The Navy notified all personnel that the ERB was being convened, outlined a timeline of the ERB process, and identified the particular pay grades and overmanned job ratings (i.e., particular

occupational classifications or specialties) that would be subject to review by the ERB. The Navy notified the sailors that if their job rating was overmanned, and thus slated for ERB review, they could apply for conversion to an undermanned rating that would not be subject to ERB review, as a contingency in case they were selected to be discharged. The Navy also published the quotas for each of the overmanned ratings that would be subject to the ERB. The Navy claimed that these measures were meant to give the sailors a clear picture of the competition among the different ratings and to enable them to make informed decisions about their careers. The ERB selected 2,946 sailors, including Appellants, for separation. In due course, Appellants were honorably discharged from the Navy.

Appellants filed suit in the Court of Federal Claims, seeking back pay and challenging the action of the ERB on several grounds. They challenged the merits of the Navy's decision to convene the ERB in general and its decision to discharge Appellants in particular. Appellants also made procedural challenges to the ERB, contending that the ERB violated due process and other statutory and regulatory requirements. Finally, Appellants filed a motion to disqualify the Court of Federal Claims judge and a motion to supplement the administrative record. The government filed a motion to dismiss Appellants' complaint, or, in the alternative, for judgment on the administrative record. The Court of Federal Claims granted the government's motion. It dismissed Appellants' merit-based claims as being nonjusticiable, denied Appellants' remaining claims on the administrative record, and denied both of Appellants' motions. *Anderson v. United States*, 111 Fed. Cl. 572 (2013); *Anderson v. United States*, No. 12-486 C (Fed. Cl. Feb. 5, 2013), ECF No. 38 (*Recusal Order*). This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

I. Appellants' Merit-Based Challenges to the ERB

The Court of Federal Claims determined that Appellants' merit-based challenges—that the ERB should not have been convened and that Appellants should not have been discharged—were nonjusticiable. *Anderson*, 111 Fed. Cl. at 582–83. It noted that "[a] challenge to the merits of a discharge alleged to be wrongful is a nonjusticiable controversy under binding precedent . . . ." *Id.* at 583 (citing *Sargisson v. United States*, 913 F.2d 918, 922 (Fed. Cir. 1990)). It further explained that courts cannot interfere in the military's power to manage its active-duty workforce. *Id.* (citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993)). We review this determination of nonjusticiability de novo. *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995).

We agree that Appellants' merit-based challenges are nonjusticiable. The merits of a military staffing decision are committed "wholly to the discretion of the military." *Adkins*, 68 F.3d at 1322–23; *see Murphy*, 993 F.2d at 874 ("[T]he merits of the Air Force's decision to release [the plaintiff] from active duty [as part of reduction-in-force efforts] are beyond judicial reach"); *Sargisson*, 913 F.2d at 922 (holding that plaintiff's challenge to the Air Force's decision to release him was nonjusticiable because there were no standards that the court could apply to review the decision). These precedents, which Appellants do not address, foreclose judicial review of the Navy's decision to institute the ERB and to discharge Appellants. The Navy has wide discretion to manage its workforce, and its decisions to institute the ERB and honorably discharge its sailors are "unquestionably beyond the competence of the judiciary to review." *Adkins*, 68 F.3d at 1322–23. We affirm the Court of Federal Claims' dismissal of Appellants' merit-based claims.

II.  Appellants' Procedural Challenges to the ERB

The Court of Federal Claims also considered and re-
jected Appellants' multiple procedural challenges, grant-
ing judgment on the administrative record in favor of the
government. *Anderson*, 111 Fed. Cl. at 585–91.  In par-
ticular, the court determined that the Navy's implementa-
tion of the ERB did not exceed its statutory authority,
ignore the required procedural regulations, or violate
minimum concepts of basic fairness. *Id.*

We review a judgment on the administrative record
without deference. *Barnes v. United States*, 200 F.3d
1369, 1372 (Fed. Cir. 2000).  Unlike merit-based challeng-
es, procedural challenges to military decisions may be
justiciable, particularly if statutes or regulations govern
the decision. *Adkins*, 68 F.3d at 1323.  As discussed
below, we agree with the Court of Federal Claims' thor-
ough and well-reasoned opinion granting judgment on the
administrative record.

A.  Statutory Authority

Appellants argue that the ERB violated 10 U.S.C.
§ 1169, which provides that "[n]o regular enlisted member
of an armed force may be discharged before his term of
service expires, except . . . as prescribed by the Secretary
concerned."  10 U.S.C. § 1169.  Appellants contend that
"no cause was prescribed by the Secretary for discharge of
the Plaintiffs . . . ." Appellants' Br. at 6–7.  We disagree.
The ERB complied with § 1169.  The ERB was properly
prescribed by the Secretary of the Navy in his March 2011
memorandum.  J.A. 1000.  Even if § 1169 were to require
the Secretary to prescribe "cause" for Appellants' dis-
charge, as Appellants suggest, the Secretary did so.  He
provided two reasons for instituting the ERB that result-
ed in Appellants' discharge—to reduce overmanning and
"optimize the quality" of the Navy.  J.A. 1000.  We affirm
the Court of Federal Claims' rejection of this procedural
challenge.

### B.   Procedural Regulations

Appellants argue that the ERB violated Department of Defense (DoD) regulations and the Navy's own notification procedures by failing to provide Appellants proper notice or an opportunity for a hearing at the time of their discharges.  Appellants assert that they were entitled to hearings because DoD regulations entitle a sailor with more than six years of service (which each Appellant has) to a hearing prior to being involuntarily discharged. Appellants' Br. at 23 (citing Department of Defense Instruction (DoDI) 1332.14, Enlisted Administrative Separations (Aug. 28, 2008)).   They contend that the record is devoid of any evidence of an Appellant receiving notice and a hearing in compliance with the regulations. They argue that at least one Appellant requested and was denied a hearing.   Appellants further assert that the Navy's notification procedures require written notice of separation and the type, basis, and effects of the separation and that no such notice was provided.   Appellants' Br. at 24–25 (citing United States Navy, Military Personnel Manual (MILPERSMAN) 1910-010, Administrative Separation Policy and General Information (Sept. 20, 2011)).

We conclude that the ERB did not violate DoD regulations.   Those regulations authorize early separation of personnel under a program established by the Secretary. DoDI 1332.14 Encl. 3, (2)(a)(2).  The Secretary established such a program in his March 2011 memorandum.  J.A. 1000 (Secretary initiated ERB under DoDI 1332.14 Encl. 3, (2)(a)(2)).

DoD regulations did not grant the Appellants a right to a hearing prior to their separation.  The regulations do provide the right to a hearing in some instances, but they make clear that the right to a hearing only exists if the specific reason for separation explicitly requires it.  DoDI 1332.14 Encl. 5, (1)(a).  The reason for separation in this

case, early separation under a program authorized by the Secretary, does not incorporate the right to a hearing. DoDI 1332.14 Encl. 3, (2)(a)(2). Nor do DoD regulations entitle a sailor with more than six years of service to a hearing if he is involuntarily discharged. The regulations Appellants cite only state that, in certain instances, a service member with more than six years of experience may *request* a hearing. They do not create a right to the hearing itself. DoDI 1332.14 Encl. 5, (2)(a)(7), 3(a)(6).

The ERB also did not violate the Navy's notification procedures. The Court of Federal Claims correctly concluded that MILPERSMAN does not provide Appellants with any additional substantive rights. *Anderson*, 111 Fed. Cl. at 588. By MILPERSMAN's own terms, its notice requirement to the enlisted sailors "is a command responsibility, not a procedural entitlement. Failure on the part of the member to receive or to understand such explanation is not a bar to separation . . . ." MILPERSMAN 1910-010(5)(c). We affirm the Court of Federal Claims determination that the ERB did not violate the applicable procedural regulations.

### C. Minimum Concepts of Basic Fairness

Appellants allege that the ERB violates minimum concepts of basic fairness. Appellants assert that the ERB violates due process because Appellants were not told why they were discharged, e.g., for quota, performance, or other reasons. Appellants also argue that the ERB violates the Equal Protection Clause of the Constitution. They contend that the real reason for the ERB was to allow the Navy to fire sailors nearing early retirement.

The Court of Federal Claims thoroughly analyzed Appellants' arguments in this regard, and we agree with its conclusion. *Anderson*, 111 Fed. Cl. at 588–91. Appellants' honorable discharges resulting from the ERB, to which no stigma attached, do not implicate a liberty or property interest sufficient to invoke due process rights to

notice and a hearing. *Keef v. United States*, 185 Ct. Cl. 454, 468 (1968) (holding that an honorable discharge for the convenience of the government in compliance with regulations and without stigma attached does not require notice or hearing). Moreover, the ERB was conducted in accordance with minimum concepts of basic fairness. In particular, the Navy informed all sailors of the institution, schedule, and criteria for the ERB; provided a list of overmanned ratings; and allowed sailors in overmanned ratings to apply for conversion to other ratings.

Finally, we agree with the Court of Federal Claims determination that the ERB does not run afoul of the Equal Protection Clause. Appellants have not shown that their equal protection claim is founded on discrimination against a suspect class or that the ERB fails to comport with rational basis review.

### III.  Motion to Recuse

Appellants filed a motion seeking recusal of the judge based on her former employment at the Department of Justice from 1976 to 1987 and as an attorney for the Navy from 1987 to 1996. The judge denied the motion, determining that her prior employment did not create a reasonable basis for questioning her impartiality. *Recusal Order* at 2–4. We review this decision for an abuse of discretion. *Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012).

Appellants assert that the judge's prior employment creates an appearance of impropriety because the Appellants doubt her impartiality. The federal recusal statute requires recusal "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective test that mandates recusal "when a reasonable person, knowing all the facts, would question the judge's impartiality." *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1568 (Fed. Cir. 1989). Appellants' subjective beliefs about the judge's

impartiality are irrelevant. The judge's prior work for the Department of Justice and the Navy over seventeen years ago does not raise a reasonable question as to her impartiality. A "mere prior association [does not] form a reasonable basis for questioning a judge's impartiality." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985) (judge's military service nine years prior to the appeal, without any financial connection to this case, did not require recusal). We affirm the Court of Federal Claims' denial of Appellants' recusal motion.

## IV. Motion to Supplement the Administrative Record

The Court of Federal Claims denied Appellants' motion to supplement the record with four additional documents: three Navy Times articles discussing recruitment, enlistment, and workforce reduction activities and an e-mail chain containing quotas for various job ratings. The court determined that these documents were relevant only to Appellants' nonjusticiable merit-based claims, but not necessary for an effective judicial review of Appellants' justiciable procedural claims. *Anderson*, 111 Fed. Cl. at 578–79. It thus determined that our precedent compelled denial of Appellants' motion. *Id.* (citing *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009)). We review this decision for an abuse of discretion. *Axiom*, 564 F.3d at 1378.

We hold that the Court of Federal Claims did not abuse its discretion. Appellants argue that the four documents provide additional evidence that the Navy was not overmanned at the time the ERB was initiated. Appellants' Br. 12–16. They contend that this supports their arguments that the ERB should not have been initiated and that Appellants should not have been discharged. *Id.* We agree that the four documents are only relevant to Appellants' nonjusticiable merit-based challenges, and hold that the court did not abuse its discretion by denying Appellants' motion to supplement. *See Axiom*,

564 F.3d at 1380 ("[S]upplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review.") (quotations omitted). We thus affirm the Court of Federal Claims decision denying Appellants' motion to supplement the record.

## CONCLUSION

We have considered the remainder of Appellants' arguments but do not find them persuasive. For the foregoing reasons, we *affirm* the Court of Federal Claims decision.

## AFFIRMED