NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AHMAD ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1997

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00242-DAT, Judge David A. Tapp.

---

Decided:  February 10, 2025

---

AHMAD JAMALEDDIN ALJINDI, Irvine, CA, pro se.

ERIC P. BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

PER CURIAM.

Dr. Ahmad Aljindi has published research on information security, artificial intelligence (AI), and legacy information systems, and he owns a small business, AI Net Group LLC. In 2021, his business unsuccessfully sought an Economic Injury Disaster Loan (EIDL) from the federal government's Small Business Administration (SBA). In 2024, after he had brought several other suits, Dr. Aljindi filed a complaint in the U.S. Court of Federal Claims (Claims Court), seeking $65.4 million in compensation (a) for the government's use of his research, which he said was a taking in violation of the Fifth Amendment, and (b) for the SBA's denial of the loan. The Claims Court dismissed the complaint for lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to prosecute. *Aljindi v. United States*, No. 24-242, 2024 WL 3024654, at *1, *5 (Fed. Cl. June 17, 2024) (*Claims Court Opinion*). The Claims Court also denied Dr. Aljindi's motion to disqualify Judge Tapp. Dr. Aljindi appeals. We affirm.

I

A

Dr. Aljindi claims that he discovered the field of research into the relationship between information security, artificial intelligence, and legacy information systems and that he registered his dissertation on that topic with the Library of Congress in December 2015. Appellant's Informal Br. at 19; *Claims Court Opinion*, at *2. He has filed several cases against the federal government for allegedly infringing on his "copyrighted property" by engaging in and publishing research on this field. *Claims Court Opinion*, at *2 & n.2. The present case is related chiefly to two earlier cases Dr. Aljindi filed in the Claims Court.

The first case ("*Aljindi IP* litigation") resulted in several opinions. He filed that case pro se in the Claims Court in April 2021. *See Aljindi v. United States*, No. 21-1295C, 2021 WL 4807205, at *1–2 (Fed. Cl. Oct. 15, 2021) (*Aljindi*

*I*).[1]  Alleging that judicial misconduct infected the dismissal of separate cases he had brought in the U.S. District Court for the Central District of California, he sought $32.7 million in damages for "employment discrimination," "intellectual property and copyright[] law[] violations" resulting from the government's alleged use of his dissertation research, and "negligence and tort, based on the conduct described" for the discrimination and intellectual-property claims. *Aljindi v. United States*, No. 21-1295C, 2022 WL 1464476, at *1 (Fed. Cir. May 10, 2022) (*Aljindi II*); *Aljindi I*, at *1–2.  The Claims Court (Judge Schwartz) dismissed the complaint. *Aljindi I*, at *1.  It held that it lacked jurisdiction over the employment-discrimination, negligence and tort, and judicial-misconduct claims and that the intellectual-property claim, asserted as a Fifth Amendment takings claim, was not sufficiently supported by alleged facts (*e.g.*, "what the property consisted of, how it was taken, and what the government did with it") to make a takings claim plausible. *Aljindi I*, at *1–2; *Aljindi II*, at *1–2.

On appeal, we affirmed the Claims Court's dismissal of Dr. Aljindi's employment-discrimination, negligence and tort, and judicial-misconduct claims. *Aljindi II*, at *2–3. We also affirmed the dismissal of the takings claim because Dr. Aljindi did not "provide the minimum required factual allegations in his complaint to support this claim." *Id.* at *3; *see also id.* at *3 n.4.  But we remanded the case in part for the Claims Court to consider whether Dr. Aljindi had stated a claim for copyright infringement. *Id.* at *3–4.

On remand, the Claims Court held that the complaint did not support a claim of copyright infringement on which relief could be granted, because the allegations "relate[d] to uncopyrightable ideas" and to the uncopyrightable

---

[1]    We use the names assigned by the Claims Court to those prior cases.  S. Appx. 1–7.

"topic" or "field" of information security, artificial intelligence, and legacy information systems. *Aljindi v. United States*, No. 21-1295C, 2022 WL 17330006, at \*1–2 (Fed. Cl. Nov. 28, 2022) (*Aljindi III*). We affirmed that ruling. *Aljindi v. United States*, No. 21-1295C, 2023 WL 2778689, at \*2–3 (Fed. Cir. Apr. 5, 2023) (*Aljindi IV*). We also declined to consider Dr. Aljindi's argument on appeal that the Claims Court erred by dismissing his takings claim because we had already affirmed the Claims Court's dismissal of that claim in *Aljindi II*. *Id.* at \*2 n.3.

The second case of relevance to the present action was initiated by Dr. Aljindi's July 2021 filing of a pro se complaint in the Claims Court. Complaint, *Aljindi v. United States*, No. 21-1578C, 2021 WL 5177430 (Fed. Cl. Aug. 30, 2021), ECF No. 1. Dr. Aljindi sought $32.7 million in damages for alleged judicial misconduct (*i.e.*, bribery, fraud, and obstruction of justice) committed by judges in other courts through their dismissals of his intellectual-property (including copyright) claims, and for the SBA's then-recent less-than-affirmative response to the application for a loan (under the EIDL program) to his business, AI Net Group LLC. *Id.* at 2–4, 6–7; *Aljindi v. United States*, No. 21-1578C, 2021 WL 5177430, at \*1–3 (Fed. Cl. Aug. 30, 2021) (*Aljindi SBA Opinion*). The Claims Court (Judge Tapp) dismissed his complaint. *Aljindi SBA Opinion*, at \*1, \*4. It held that the judicial-misconduct claim was outside its jurisdiction and that, regarding the SBA allegations, the complaint did not state a claim upon which relief could be granted. *Aljindi SBA Opinion*, at \*2–3. On the SBA claim, the Claims Court explained that, "[e]ven if SBA's EIDL decisions are reviewable," the SBA's decision was not final: SBA notified Dr. Aljindi that it needed additional documentation to review the application but Dr. Aljindi did not allege that he provided such documentation. *Id.* at \*3. And even if SBA issued a final decision, the Claims Court explained, Dr. Aljindi had failed to state a claim upon which

relief could be granted because he "ha[d] not availed himself of the administrative remedies available to him." *Id.*

B

On February 14, 2024, Dr. Aljindi filed the complaint in this case, seeking $65.4 million in compensation. Complaint at 19, *Aljindi v. United States*, No. 24-242, 2024 WL 3024654 (Fed. Cl. June 17, 2024), ECF No. 1 (Claims Court Compl.); S. Appx. 1;[2] Appellee's Response Br. at 4. The complaint includes two counts for relief—first, a claim for an alleged Fifth Amendment taking of his 2015 research, Claims Court Compl. at 2–15; second, a claim of intentional and systemic retaliation committed by SBA in denying an EIDL for AI Net Group LLC, *id.* at 15–19. *See Claims Court Opinion*, at *1–2, *4. Dr. Aljindi simultaneously moved for summary judgment. *Id.* at *1. The case was assigned to Judge Tapp. Notice of Direct Assignment, *Aljindi v. United States*, No. 24-242, 2024 WL 3024654 (Fed. Cl. June 17, 2024), ECF No. 7 (Notice of Direct Assignment). On February 20, 2024, Dr. Aljindi moved to disqualify Judge Tapp. S. Appx. 60–84. On April 17, 2024, the government moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). S. Appx. 10–24.

The Claims Court granted the government's motion to dismiss and denied Dr. Aljindi's motion for summary judgment as moot. *Claims Court Opinion*, at *1, *5. Noting that Dr. Aljindi cited five different government documents (published between October 2016 and August 2019) as evidence for his Fifth Amendment takings claim, the Claims Court ruled that Dr. Aljindi's claim involving one government component (the National Science and Technology Council, or NSTC) was time-barred by the six-year statute

---

2    "S. Appx." refers to the Supplemental Appendix submitted by the Appellee.

of limitations in 28 U.S.C. § 2501 but that his claims relating to other government components[3] were timely. *Id.* at *2 & n.1. Nevertheless, the Claims Court concluded that the takings claim was barred in whole by the doctrine of res judicata and also because it was "not facially plausible." *Id.* at *2–4. To the extent that the takings claim could be interpreted to be asserting intellectual-property theft, the Claims Court added, the claim would be a tort claim outside its jurisdiction. *Id.* at *3; 28 U.S.C. § 1491(a)(1). Regarding the alleged retaliation by SBA in handling the request for an EIDL for AI Net Group LLC, the Claims Court concluded that Rule 83.1 of the Claims Court's Rules barred Dr. Aljindi, a pro se plaintiff, from representing AI Net Group LLC or any other entity besides himself and, thus, his SBA retaliation claim had to be dismissed for lack of prosecution under Rule 41(b). *Id.* at *4–5.

On the same day that it issued its opinion dismissing Dr. Aljindi's complaint, the Claims Court denied Dr. Aljindi's motion to disqualify Judge Tapp. Order, *Aljindi v. United States*, No. 24-242, 2024 WL 3024654 (Fed. Cl. June 17, 2024), ECF No. 25 (Order); S. Appx. 60–84. In his motion to disqualify, Dr. Aljindi cited the decisions in the two cases discussed in Part I.A above and argued that they supported his allegation that Judge Tapp was prejudiced against him and must disqualify himself pursuant to 28 U.S.C. § 455. S. Appx. 60–61. Dr. Aljindi also argued that Chief Judge Kaplan should hear his case as he had "[t]yped [her] name" in his filings. S. Appx. 61. In denying Dr. Aljindi's motion to disqualify, the Claims Court explained that Dr. Aljindi had "fail[ed] to identify any personal bias or prejudice" on the part of Judge Tapp and that the prior

---

[3]    Those other components are the Office of the Director of National Intelligence, Department of Defense, Department of Justice, and National Institute of Standards and Technology. *Id.* at *2 n.1.

rulings did not constitute a proper basis for disqualification for bias or prejudice. Order at 1–2.

Dr. Aljindi timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

In this case, where the factual allegations of the complaint are not challenged for purposes of the dismissal motion, we review the dismissal (for lack of jurisdiction or for failure to state a claim) de novo. *Taylor v. United States*, 959 F.3d 1081, 1086 (Fed. Cir. 2020) (citations omitted). "In either case, '[w]e take all factual allegations in the complaint as true and construe the facts in the light most favorable to the non-moving party.'" *Inter-Tribal Council of Arizona, Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020) (alteration in the original) (citations omitted). Although pleadings by pro se litigants are held to "less stringent standards" than those for lawyers, pro se plaintiffs must still meet their jurisdictional burden. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Secretary, U.S. Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). A trial court has "broad discretion to manage [its] docket[]." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008). We review the denial of a motion to disqualify under 28 U.S.C. § 455 for abuse of discretion. *Allphin v. United States*, 758 F.3d 1336, 1343–44 (Fed. Cir. 2014); *Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012). We address the takings issue, then the retaliation issue, and finally the disqualification issue.

## A

Dr. Aljindi challenges the Claims Court's dismissal of his takings claim, arguing that the government "has taken his property by engaging in research" in the "combined field of [information security, artificial intelligence (AI),

and legacy information systems (LIS)]." Appellant's Informal Br. at 19. We reject the challenge.

Regarding the takings claim related to a published strategic plan of the NSTC, the Claims Court properly held that claim to be time-barred by 28 U.S.C. § 2501. *Claim Court Opinion*, at \*2. That provision, which is a jurisdictional limitation, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130. 133–34 (2008), requires that a claim be brought "within six years after such claim first accrues," 28 U.S.C. § 2501. Dr. Aljindi contends that the "six-year[] statute of limitations does not apply here simply because the 2016 example [of the NSTC strategic plan] . . . was discovered by [him] around December 2018." Appellant's Informal Br. at 24. But "[a] claim first accrues when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action," *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009), and Dr. Aljindi did not establish in the Claims Court and does not establish here that the publication was concealed or unknowable or that he should not have known of it, *see id.* at 1314–14; Appellant's Informal Br. at 19, 24, so there is no basis for suspending the accrual past the NSTC publication date in 2016, more than six years before his suit here.

Dr. Aljindi also has not identified reversible error in the Claims Court's holding that the takings claim (as to the timely and untimely challenged uses) was precluded by the doctrine of res judicata based on the *Aljindi IP* litigation. *See Claims Court Opinion*, at \*2–3. "A claim is barred by res judicata when '(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first.'" *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)). All three elements are present here.

First, the parties (Dr. Aljindi and the United States) are identical to the parties in the *Aljindi IP* litigation. Second, Dr. Aljindi's Fifth Amendment takings claim was previously dismissed in *Aljindi I* (and affirmed in *Aljindi II* and *Aljindi IV*) for failure to state a claim upon which relief could be granted. *Aljindi I*, at \*2; *Aljindi II*, at \*3; *Aljindi IV*, at \*2 n.3; *see Claims Court Opinion*, at \*3. A dismissal for failure to state a claim constitutes a final judgment on the merits, and thus has res judicata effect. *See Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 687 (Fed. Cir. 1992). Third, we agree with the Claims Court that his "present takings claim is based on the same set of transactional facts as his prior [*Aljindi IP*] litigation" because his present case against "ALL formal AI Strategies published by the federal government" necessarily includes the 2019 publication by the Department of Defense that was the focus of his prior claim. *Claims Court Opinion*, at \*3. Dr. Aljindi is attempting to litigate "issues that were or could have been raised" in his earlier suit, which res judicata prevents. *See First Mortgage Corp. v. United States*, 961 F.3d 1331, 1338 (Fed. Cir. 2020) (internal quotation marks and citations omitted).

Dr. Aljindi has similarly shown no error in the Claims Court's dismissal of the takings claim for failure to meet the pleading standard of setting forth facts that plausibly establish the elements of the asserted wrong. *Claims Court Opinion*, at \*3–4; *but see* Appellant's Informal Br. at 19 (arguing the claim is "facially plausible"). Dr. Aljindi had to allege plausibly, among other things, that he owned property protected by the Takings Clause and that it was taken by the government. He has pleaded that he discovered the entire field of research into the relationship between information security, artificial intelligence, and legacy information systems, Claims Court Compl. at 4, but at a minimum he has not shown that it is plausible that he has a cognizable property interest (for Takings Clause purposes) in that general idea and "everything built on top of"

[his] research" and that the government has taken that from him, *Claims Court Opinion*, at \*4.

## B

Dr. Aljindi challenges the Claims Court's dismissal of his claim of systemic and intentional retaliation by SBA for lack of prosecution, arguing that he "can pursue this claim *pro se* on behalf of his single member LLC and disregarded entity company because he is the founder and the only owner of his company" and because "the SBA's retaliation is directed toward [him] directly because of his federally protected classes, statuses, and federally protected activities." Appellant's Informal Br. at 19–20. We disagree. The Claims Court correctly found that, even when reading the correspondence with SBA that Dr. Aljindi provided, the SBA's action regarding the requested EIDL was directed at AI Net Group LLC and thus his claim is "on behalf of AI Net Group LLC, not Dr. Aljindi as an individual." *Claims Court Opinion*, at \*4; Claims Court Compl. Ex. at 368 (SBA document confirming receipt of documents for an EIDL application for AI Net Group LLC). Under the Claims Court's Rule 83.1, Dr. Aljindi cannot represent AI Net Group LLC, and the Claims Court's dismissal, under its Rule 41(b), for Dr. Aljindi's failure to comply with this rule is not an abuse of discretion. *See Claims Court Opinion*, at \*4. We therefore affirm the Claims Court's dismissal for lack of prosecution. *Id.*

We also agree with the Claims Court that if Dr. Aljindi brought this claim on behalf of himself, the Claims Court would lack jurisdiction because retaliation claims are tort claims. *Id.* at \*4 & n.8; 28 U.S.C. § 1491(a)(1); *see Aljindi II*, at \*1. To the extent Dr. Aljindi claims discrimination here, there is no basis for Claims Court jurisdiction over such a claim. *See Aljindi I*, at \*1–2; *Aljindi II*, at \*1–2; *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

## C

Dr. Aljindi challenges the Claims Court's denial of his motion to disqualify, arguing that Judge Tapp denied his summary-judgment motion as moot "illegally and maliciously," that his "actions are criminal," and that his "motive was malicious and retaliatory." Appellant's Informal Br. at 20–21.[4] The assertions supply no basis for setting aside Judge Tapp's decision not to disqualify himself.

Dr. Aljindi cites to Judge Tapp's prior dismissals of his complaints, *id.*, but he has no right to a new judge because he has earlier lost before a given judge, and that judge has gained some knowledge of the litigant. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[N]ot subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."). He cites to various procedural orders, such as the court's grant of the government's motion for extension of time, Appellant's Informal Br. at 21–22, but those are simply examples of the court exercising its inherent authority to manage its docket, and nothing indicates that the court abused its discretion in exercising that discretion, much less did so in a way that supplies a ground for disqualification. Dr. Aljindi supplies no basis for suggesting misconduct in the assignment of the case to Judge Tapp. Rule 40.2 of the Claims Court's Rules requires that parties identify related cases in their complaint, RCFC 40.2(a)(1)–(3), and instructs that "the clerk will assign the case to the

---

[4]    Dr. Aljindi also claims to have filed, and cites to, other motions to disqualify other judges, but we decline to consider them as they are not relevant to the present case. *See, e.g.*, Appellant's Informal Br. at 6; Appx29, 31–34; Appellant's Informal Reply Br. at 2–3.

judge to whom the earliest-filed case is assigned," RCFC 40.2(a)(4)(A). Dr. Aljindi identified the case resulting in Judge Tapp's *SBA Opinion* (Case No. 21-1578C) as a related case, Claims Court Compl. at 1–2, and the clerk properly assigned Judge Tapp to the underlying case here pursuant to Rule 40.2(a)(4)(A), Notice of Direct Assignment. *See* Appellant's Informal Br. at 5–7. At bottom, Dr. Aljindi has no basis for asserting bias or prejudice except his own beliefs about Judge Tapp and Judge Tapp's prior dismissal. But "subjective beliefs about the judge's impartiality are irrelevant" in the objective test required by 28 U.S.C. § 455(a), *Allphin*, 758 F.3d at 1344, and Judge Tapp's past judicial rulings alone do not constitute a valid basis for recusal in this case, particularly as his opinions do not display "favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555; *see Order* at 1–2. We thus affirm the Claims Court's denial of Dr. Aljindi's recusal motion.

## III

We have considered Dr. Aljindi's remaining arguments and find them unpersuasive. We affirm the Claims Court's dismissal of Dr. Aljindi's complaint and denial of his motion to disqualify.

**AFFIRMED**