# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MITZI BAKER,
                Appellant,

      v.

SOCIAL SECURITY
     ADMINISTRATION,
               Agency.

DOCKET NUMBER
CH-1221-18-0412-W-1

DATE: July 17, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mitzi Baker</u>, Chicago, Illinois, pro se.

<u>Craig Hundley</u> and <u>Kenneth Bullock</u>, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Henry J. Kerner, Member

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the analysis of the contributing factor criterion as to the appellant's whistleblower reprisal claim, we AFFIRM the initial decision.

## BACKGROUND

The essential undisputed facts as set forth in the initial decision are as follows. The appellant has been employed as a Case Manager in the agency's National Hearing Center in Chicago, Illinois, since 2010. Initial Appeal File (IAF), Tab 104, Initial Decision (ID) at 2. On April 17, 2017, the appellant filed a separate IRA appeal with the Board alleging whistleblower reprisal. *Id.* While the April 17, 2017 IRA appeal was pending before the Board, on October 27, 2017, the appellant's first-level supervisor issued the appellant her 2017 annual performance appraisal in which she gave the appellant an overall rating of successful contribution and an average element score of four out of five. *Id.* Regarding the particular performance elements, the appellant received a rating of three for the elements of interpersonal skills and participation and a rating of five for the elements of demonstrates job knowledge and achieves business results. *Id.*

The appellant filed a Board appeal alleging that her supervisor's decision to issue her a rating of three in the participation element constituted reprisal for her protected activity of filing the prior Board appeal on April 17, 2017. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision, denying the appellant's request for corrective action because she failed to prove by preponderant evidence that her protected activity of filing a Board appeal was a contributing factor in her supervisor's decision to issue her a rating of three for the participation element. ID at 1, 5. In particular, the administrative judge credited the testimony of the appellant's first-level supervisor that she was not aware of the appellant's prior Board appeal at the time she prepared or issued the appellant's 2017 performance appraisal. ID at 6-7. The administrative judge further found that the appellant's first-level supervisor did not have constructive knowledge of the prior Board appeal. ID at 7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has opposed the appellant's petition and the appellant has filed a reply. PFR File, Tabs 3, 6.[3]

_____

[2] The appellant has filed a motion for leave to file an additional pleading, namely, an amicus curiae brief filed by the Office of Special Counsel (OSC) in a separate appellant's Board case. Once the record closes on review, however, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d), and the party submitting it shows that the evidence or argument was not readily available before the record closed. 5 C.F.R. § 1201.114(k). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable, despite due diligence, when the record closed. 5 C.F.R. § 1201.115(d). Evidence is material when it is of sufficient weight to warrant a different outcome from that of the initial decision. 5 C.F.R. § 1201.115(a)(1). We deny the appellant's motion because she has not shown that the underlying information contained in OSC's brief is new, that she exercised due diligence to obtain this information, or that it warrants a different outcome in this appeal.

[3] To the extent the appellant raises new allegations of errors by the administrative judge that were not raised in her petition or addressed by the agency in its response, PFR File, Tab 6 at 4-6, we have not considered such arguments, *see* 5 C.F.R. § 1201.114(a)(4) (stating that a reply to a response to a petition for review is limited to the factual and legal issues raised by another party in the response to the petition for review; it may not raise new allegations of error).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the appellant did not prove that her protected activity was a contributing factor in her performance appraisal rating, but modify her analysis.</u>

To obtain corrective action in an IRA appeal, the appellant must meet her initial burden of establishing by preponderant evidence that her protected activity was a contributing factor in the personnel actions in dispute. 5 U.S.C. § 1221(e)(1); *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016). An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which she submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. The Board has held that if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15.

On review, the appellant argues that the administrative judge erred in finding that she failed to prove that her April 17, 2017 Board appeal was a contributing factor in her first-level supervisor's decision to issue her a rating of three for the participation element of her 2017 annual performance review.[4]

___

[4] The appellant also argues that the administrative judge's finding that she failed to prove contributing factor is "plainly inconsistent" with her prior finding that the appellant met the knowledge/timing test. PFR File, Tab 1 at 7. Such an argument, however, fails to recognize the different burdens of proof at the jurisdictional and

PFR File, Tab 1 at 4. In particular, the appellant asserts that the administrative judge erred by only considering the knowledge/timing test and by failing to consider evidence of retaliatory motive. *Id.* at 4-7. We agree and modify the administrative judge's analysis to address evidence other than the knowledge/timing test but still find no reason to disturb the administrative judge's finding that the appellant failed to establish that her 2017 Board appeal was a contributing factor in her performance appraisal rating.

With respect to the knowledge/timing test, the administrative judge credited the testimony of the appellant's first-level supervisor that she was not aware of the appellant's 2017 Board appeal when she prepared or issued the appellant's 2017 performance appraisal on October 27, 2017, and that she first learned of the Board appeal on November 28, 2017. ID at 6-7. The administrative judge further found that the appellant's first-level supervisor did not have constructive knowledge and her decision to issue a rating of three was not influenced by anyone who had knowledge of the appellant's 2017 Board appeal. ID at 7. In so finding, the administrative judge credited the testimony of the appellant's second-level supervisor, who testified in connection with the appellant's 2017 Board appeal that he did not become aware of the 2017 Board appeal until December 2017 or January 2018. *Id.* The administrative judge further credited the testimony of the appellant's first- and second-level supervisors that the appellant's second-level supervisor had no input in the appellant's 2017 performance appraisal and did not discuss it or see it before it was issued to the appellant. *Id.*

---

merits stages. *Compare Shope v. Department of the Navy*, 106 M.S.P.R. 590, ¶ 5 (2007) (explaining that an appellant is entitled to a jurisdictional hearing in an IRA appeal only when he sets forth in the written record a *nonfrivolous* allegation that the elements of his claim are satisfied), *with Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶¶ 4-5 (2014) (stating that, once the appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by *preponderant* evidence).

The appellant disputes the administrative judge's findings that her first-level supervisor had no actual or constructive knowledge of her 2017 Board appeal. For example, she asserts that the entire "management team" was aware of her protected activities, including her frequent and extensive equal employment opportunity activities and that her first-level supervisor received several emails describing issues the appellant was having at work. PFR File, Tab 1 at 5. She further maintains that it is improbable that management would have completely insulated her first-level supervisor from the knowledge of her Board appeal. *Id.* at 5-6. Finally, she asserts that it is implausible that her first-level supervisor would not have become aware of her Board appeal from agency attorneys who she contends would had to have contacted her supervisor for information supporting their case. *Id.* at 7.

The administrative judge, however, considered and rejected the appellant's version of events as improbable, noting that the fact that the appellant's supervisor was aware of various issues the appellant was having through emails and comments from the appellant did not suggest that she was aware the appellant had filed a Board appeal. ID at 5-6. Thus, she credited the testimony of the appellant's supervisors that neither was aware of the appellant's Board appeal at the time the appellant's performance appraisal was issued on October 27, 2017. ID at 7. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge's credibility determinations were based on her observation and assessment of the agency officials' demeanor during the hearing. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (stating that, even if demeanor is not explicitly discussed by an administrative judge, assessing a witness's credibility involves consideration of various factors,

including a witness's demeanor). Although the appellant disagrees with the credibility determinations, we find that her challenges are not sufficiently sound to overturn them.

Next, we consider evidence other than knowledge/timing evidence. It is undisputed that the appellant's first-level supervisor, who issued the appellant's 2017 performance appraisal, was not personally implicated in the appellant's 2017 Board appeal. Hearing Transcript (HT) at 92-93 (testimony of the appellant's first-level supervisor); PFR File, Tab 1 at 5-6. Also, as explained above, the administrative judge found, based on her assessment of the witnesses' credibility, that the appellant failed to show that anyone with knowledge of her 2017 Board appeal influenced her first-level supervisor. ID at 6-7; *see Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 30 (explaining that an administrative judge's demeanor-based credibility findings are virtually unreviewable on review). As to any desire or motive to retaliate against the appellant, her first-level supervisor denied during her sworn testimony that the appellant's 2017 Board appeal had any effect on her 2017 performance appraisal ratings. HT at 92-93 (testimony of the appellant's first-level supervisor). The appellant did not solicit any testimony, nor is there any evidence of record, concerning her first-level supervisor's attitude toward her 2017 Board appeal that might otherwise refute this testimony. Therefore, we accept her supervisor's testimony as proof of her lack of retaliatory motive. *See Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (finding that a declaration subscribed under penalty of perjury proves the facts it asserts).

We also find that the appellant's first-level supervisor's explanation for determining the appellant's performance rating is strong. The appellant's first-level supervisor testified that the participation element rating she issued was justified because, among other reasons, many of the duties the appellant highlighted in her self-assessment were duties she was assigned to perform, and any unassigned work she did was not performed on a "sustained, consistent basis

throughout the appraisal year" to merit a higher rating.  HT at 108 (testimony of the appellant's first-level supervisor).

Specifically, Case Managers who received ratings of five in the participation element worked with a judge who processed the "more technical" Puerto Rico fraud cases, which involved "daily processing" and work on a "sustained, consistent basis," which was not otherwise part of the normal workload of a Case Manager.  HT at 120-21, 124-25, 128, 133 (testimony of the appellant's first-level supervisor).  The appellant's first-level supervisor testified that the appellant was not assigned to work with this judge and only did the "initial work up" on those cases, which the appellant has not presented evidence to refute.  HT at 108 (testimony of the appellant's first-level supervisor).

Lastly, it is undisputed that the appellant received the exact same ratings in her 2016 performance appraisal as she did in the appraisal at issue here.  HT at 94-95 (testimony of the appellant's first-level supervisor); IAF, Tab 82 at 4-6.  That appraisal was issued in October 2016 by a different supervisor, and prior to the appellant filing her 2017 Board appeal in April 2017, which tends to show that the 2017 appraisal was consistent with the appellant's performance assessments before her protected activity.  IAF, Tab 82 at 6.  It is also undisputed that, out of the eight employees under the supervision of the appellant's first-level supervisor in 2017, the appellant's overall rating ranked in the middle, receiving a higher overall rating than four employees and the same ratings as one, which also tends to show that her supervisor did not harbor retaliatory motive towards her.  IAF, Tab 82 at 23-42, Tab 83 at 4-9.  Thus, we agree with the administrative judge's conclusion that the appellant has not shown by preponderant evidence that her 2017 Board appeal was a contributing factor in her 2017 performance appraisal.

The appellant's remaining arguments do not provide a basis for reversal.

On review, the appellant asserts that the administrative judge abused her discretion by failing to transfer the appeal to the Washington Regional Office.

PFR File, Tab 1 at 7-8. She maintains that this was the proper venue because, although she physically works in Chicago, Illinois, agency management is based out of Falls Church, Virginia. *Id.* at 8. She also cites, without explanation, alleged prior abuse of discretion by a different administrative judge in her 2017 Board appeal as a reason for transferring the current appeal. *Id.* at 7-8. Under 5 C.F.R. § 1201.4(d), the location of the appellant's duty station when the action was taken determines which Board regional office has jurisdiction. Thus, to the extent the appellant's duty station was and is in Chicago, Illinois, the Central Regional Office had jurisdiction over the appeal. *See* 5 C.F.R. pt. 1201, app. II. Although the record reflects that the appellant filed motions for recusal of the administrative judge in this appeal, such motions were based on the administrative judge's alleged verbal admonishment of the appellant during status conferences and general claims of alleged bias, not any claim of bias related to the administrative judge in the appellant's prior Board appeal. IAF, Tabs 28, 41. Regardless, we discern no basis for recusal of the administrative judge in this appeal based on any alleged bias by a different administrative judge in the appellant's prior Board appeal or based on the allegations set forth in the appellant's motions concerning the administrative judge in this appeal. Nothing in the record suggests that the impartiality of the administrative judge in this appeal might reasonably be questioned. *See, e.g.*, *Allphin v. United States*, 758 F.3d 1336, 1343-44 (Fed. Cir. 2014) (finding that recusal is required when a reasonable person knowing all the facts would question the judge's impartiality); *Department of Health & Human Services v. Jarboe*, 2023 MSPB 22, ¶ 12 (explaining that in determining whether an administrative judge should be disqualified on grounds other than bias, the Board assesses whether his impartiality might reasonably be questioned) (citations omitted).

Finally, the appellant reiterates her argument that the hearing recording was altered to exclude an exchange that she had with the administrative judge. PFR File, Tab 1 at 8. However, the administrative judge considered such an argument

but found that the portion alleged to have been missing from the record was an admonishment the administrative judge made off the record in an effort not to embarrass the appellant, who was proceeding pro se. ID at 9-10. We find that the administrative judge did not abuse her discretion. *See, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (noting that an administrative judge has wide discretion to regulate the course of the hearing); 5 C.F.R. § 1201.41(b)(6).

Accordingly, we affirm the initial decision.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.